**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOSAICA ADVANTAGE INC.,

      **Plaintiff,**　　　　　　CIVIL ACTION NO. 04-CV-40374-FL

    vs.　　　　　　　　　　DISTRICT JUDGE PAUL V. GADOLA

DETROIT ADVANTAGE　　　　MAGISTRATE JUDGE MONA K. MAJZOUB
ACADEMY, INC.

      **Defendants.**
_____/

### ORDER DENYING DEFENDANT'S MOTION TO VACATE EX PARTE ORDER PROHIBITING TRANSFER OF ASSETS AND REQUEST FOR ORDER TO SHOW CAUSE WHY THE EX PARTE ORDER SHOULD NOT BE VACATED

Plaintiff Mosaica Advantage, Inc. brought this action to enforce an arbitration award against Defendant Detroit Advantage Academy, a Michigan charter school, on September 10, 2004. The District Court entered a judgment in favor of the Defendant on September 20, 2005. On October 17, 2005 Plaintiff filed a motion for an ex parte order for proceedings supplementary to enforcement. Also on October 17, 2005 the District Court issued an order prohibiting Defendant from transferring, selling, or encumbering any of its assets and ordering Defendant to satisfy the September 20, 2005 judgment.

Before the Court is Defendant's Motion to Vacate Ex Parte Order Prohibiting Transfer of Assets and Request for Order to Show Cause Why the Ex Parte Order Should Not Be Vacated, filed October 28, 2005. The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § (b)(1)(A) by the Honorable Paul Gadola in an order dated January 6, 2006. The motion was fully briefed by the parties, and the Court entertained oral argument on February 16, 2006.

Defendant first argues that the Court's October 17, 2005 order prohibiting transfer of assets should be vacated because it was a "proceeding taken for the enforcement" of a judgment within ten days of the date the judgment was entered. Fed. R. Civ. P. 62 provides that no execution or proceedings for enforcement shall be taken until 10 days after entry of judgment. Defendant argues that no execution should proceed while it has two motions challenging the judgment pending before the Court. Defendant also argues that it is substantively immune from execution under Michigan law.

**A.     Procedural Background**

The District Court entered a judgment in favor of the Defendant on September 20, 2005. On October 17, 2005 Plaintiff filed a motion for an ex parte order for proceedings supplementary to enforcement. On October 17, 2005 the District Court also issued an order prohibiting Defendant from transferring, selling, or encumbering any of its assets and ordering Defendant to satisfy the September 20, 2005 judgment from its assets. Plaintiff also filed several requests and writs for garnishment that day. On October 18, 2005 Plaintiff filed releases of the requests and writs for garnishment that had been filed on the preceding day, along with new requests and writs for garnishment.

**B.     The October 17, 2005 Order Does Not Violate Fed. R. Civ. P. 62(a)**

Fed. R. Civ. P. 62(a) provides that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until 10 days after its entry." For purposes of the Federal Rules, the Court's October 17, 2005 order issued 10 days after September 20, 2005.[1]

---

[1] The date counting issue is undisputed and adequately addressed in Defendant's Motion.

Defendant argues that the October 17, 2005 order should be vacated because it was a "proceeding taken for [the] enforcement" within 10 days of the September 20, 2005 judgment. Plaintiff's October 17, 2005 writs of garnishment were clearly prohibited by Fed. R. Civ. P. 62(a). However, the Court's October 17, 2005 order was not a "proceeding taken for [the] enforcement" of the September 20, 2005 judgment.

Fed. R. Civ. P. 62 expresses the inherent power of a court to maintain the status quo when necessary. *Robb Container Co. v. Sho-Me Co.,* 566 F.Supp. 1143 (N.D. Ill. 1983). The District Court retains the inherent power to grant injunctive relief to maintain the status quo after it has entered a final judgment, even during the pendency of an appeal. *Hawaii Housing Authority v. Midkiff*, 463 U.S. 1323 (1983). The District Court in this matter had the power to issue an injunction to freeze Defendant's assets both before and after it entered the September 20, 2005 judgment. Fed. R. Civ. P. 62(a) does not disturb the Court's equitable power, and the Court's October 17, 2005 order was therefore properly issued and enforceable.

In addition, Fed. R. Civ. P. 69(a) provides that the procedure in proceedings supplementary to or in aid of judgment or execution "shall be in accordance with the practice and procedure of the state in which the district court is held." After a money judgment has been rendered, Michigan law allows Courts on motion to issue an order to "[p]revent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor[.]" M.C.L.A. 600.6104.

**C.      Defendant Has No Pending Motions Challenging the September 20, 2005 Judgment**

Defendant also argues that the Court's October 17, 2005 order should be vacated because the Court's September 20, 2005 judgment was in error. Defendant filed two motions challenging the September 20, 2005 judgment, both of which have been denied.

**D.      Defendant is not Immune From Execution**

Finally, Defendant argues that, notwithstanding the existence of a valid money judgment against it, the Court's Ex Parte Order should be vacated because no civil judgment can be executed against Defendant. Specifically, Defendant argues that it is a "school district" for purposes of the Michigan Judicature Act. The Michigan Judicature Act provides that judgments against school districts cannot be collected via the normal execution procedure. M.C.L. 600. 6021. The term "school district" is not defined in 600.6021. The Michigan revised school code provides a procedure for collecting a judgment against a school district: the judgement must be placed on the school district's tax assessment roll and collected from taxes levied or collected by the school district. M.C.L. 380.1642, 380.1643. Defendant has never had a tax assessment roll, has never had the power to levy taxes, and has never collected taxes. Defendant acknowledges that an attempt to collect money from Defendant under M.C.L. 380.1642 would be futile.

Defendant is an "public school academy" under Michigan law. M.C.L.A. 380.501 provides that:

> A public school academy is a public school under section 2 of article VIII of the state constitution of 1963, is a school district for the purposes of section 11 of article IX of the state constitution of 1963 and for the purposes of [M.C.L. § 380.1225 and M.C.L. § 380.1351a,] and is subject to the leadership and general supervision of the state board over all public education under section 3 of article VIII of the state constitution of 1963.

Neither party has produced authority on the question of whether Michigan school academies are school districts for purposes of the Michigan Judicature Act, or evidence of the legislature's intent on that question. Taken to its logical conclusion, Defendant's position is that, while Michigan public school academies are formally subject to civil suit, they are completely immune from execution on any money judgment. Defendant has not provided any reasoned argument why the legislature might have intended this unusual result. Given the absence of other authority and the fact that the intent of the legislature here is obscured, the Court must turn to the canons of statutory construction, and make "a


plain reading . . . keeping in mind the canon of construction '*expressio unius est, exclusio alterius*' (the expression of one means the exclusion of all others)." *See U.S. v. Wilson*, 168 F.3d 916, 928 (6th Cir. 1999).

M.C.L. § 380.521 defines Michigan public school academies as "school districts" for purposes of various sections of the Revised School Code, Michigan Compiled Laws Chapter 380, and for purposes of certain state and federal laws pertaining either pertaining directly to education or to anti-discrimination principles. A plain reading of M.C.L. § 380.521 requires that this Court conclude that a public school academy is *not* a school district for purposes of the Michigan Revised Judicature Act. Plaintiff may therefore proceed with execution against Defendant, and there is no reason to lift the Court's prior order freezing Defendant's assets. Defendant's Motion to Vacate the Court's Ex Parte Order is **DENIED**.

Dated: May 05, 2006      s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 05, 2006      s/ Lisa C. Bartlett
Courtroom Deputy