UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSAICA ADVANTAGE INC.,

        Plaintiff,                    CIVIL ACTION NO. 04-CV-40374-FL

    vs.                              DISTRICT JUDGE PAUL V. GADOLA

DETROIT ADVANTAGE          MAGISTRATE JUDGE MONA K. MAJZOUB
ACADEMY, INC.

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Mosaica Advantage, Inc. brought this action to enforce an arbitration award against Defendant Detroit Advantage Academy, a Michigan charter school, on September 10, 2004. The District Court entered a judgment in favor of the Defendant on September 20, 2005. On October 17, 2005 Plaintiff filed a motion for an ex parte order for proceedings supplementary to enforcement. On the same day, the District Court issued an order prohibiting Defendant from transferring, selling, or encumbering any of its assets and ordering Defendant to satisfy the September 20, 2005 judgment.

Before the Court is Plaintiff's Motion to Compel, filed November 8, 2005. The parties have fully briefed the motion, and it was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) by the Honorable Paul Gadola in an order dated January 6, 2006. The parties presented oral arguments at a hearing held on February 16, 2006.

A.     **Plaintiff's Motion to Compel**

Following entry of judgment in this case, Plaintiff sought a creditor's exam of one of Defendant's officers, executives, managing agents, or another person familiar with Defendant's finances, pursuant to Federal Rule of Civil Procedure 30(b)(6). Larry Patrick, a lawyer who is also Defendant's

CEO, responded to Plaintiff's deposition subpoena with a letter advising that Defendant would not comply with Plaintiff's subpoena. Defendant maintains that two circumstances justify its refusal to comply with the deposition subpoena. First, Defendant argues that Plaintiff ought not to be allowed to proceed with a creditor's exam while two of Defendant's post-judgement motions filed by Defendant are pending. As the Court has denied these motions, Defendants first argument is entirely without force.

Second, Defendant argues that it faces an undue hardship in presenting any officer or person knowledgeable about its finances for examination. Defendant's day to day affairs are allegedly managed by a professional management company. Given that a standing order of this Court prevents Defendant from transferring any of its assets, Defendant cannot compensate this management company. Defendant argues that an unreasonable burden would be placed upon the management company if it were forced to produce any documents or produce a representative for deposition. In addition, Defendant argues that the Court's order prevents it from producing documents to Plaintiff because Defendant would incur copying costs in violation of this Court's previous order.

Fed. R. Civ. P. 30(b)(6) and the other discovery rules allow Defendant to satisfy a discovery request by allowing for inspection of relevant documents. Defendant has not advanced any reason why it cannot allow inspection of its records. Defendant also has a volunteer board of directors. Larry Patrick, a member of the law firm representing Defendant in this action, is also Defendant's CEO. Despite Defendant's apparent inability to produce documents, Defendant's failure to produce an officer or agent for deposition or allow inspection of its records is unjustified. Plaintiff's Motion to Compel is **GRANTED**. Defendant shall produce an officer, employee, agent, or other person

knowledgeable about Defendant's finances for deposition within twenty-one days of the date of this order at a place and time mutually convenient to the parties. Defendant shall also produce or allow inspection of its financial records no less than five days before the beginning of this deposition.

**B.      Plaintiff's Motion for Sanctions**

Plaintiff also asks the Court to impose sanctions for Defendant's unjustified attempt to avoid the deposition subpoena. Federal Rule of Civil Procedure 45 allows the Court to hold a party unjustifiably refusing to appear for deposition. Federal Rule of Civil Procedure 37 allows the Court to make such order "as are just" to sanction a party that unjustifiably refuses to respond to discovery requests. The Court finds that Defendant's conduct here is without reasonable justification. Plaintiff's Motion for Sanctions is **GRANTED**. Defendant shall pay Plaintiff the expenses necessarily and reasonably incurred in litigating the instant motion. Plaintiff may submit a bill of costs to prove the exact amount of expenses reasonably incurred within seven days of the date of this Order.

**IT IS SO ORDERED**.


Dated: May 11, 2006                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 11, 2006                     s/ Lisa C. Bartlett
                                        Courtroom Deputy

3