**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOSAICA ADVANTAGE INC.,

      Plaintiff,                  CIVIL ACTION NO. 04-CV-40374-FL

     vs.                         DISTRICT JUDGE PAUL V. GADOLA

DETROIT ADVANTAGE         MAGISTRATE JUDGE MONA K. MAJZOUB
ACADEMY, INC.

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS TO QUASH DEPOSITION SUBPOENA ISSUED TO JAFFE, RAITT, HEUER & WEISS, P.C. AND GRANTING PLAINTIFF'S MOTION TO COMPEL JAFFE, RAITT, HEUER & WEISS, P.C. FOR DEPOSITION**

Plaintiff Mosaica Advantage, Inc. brought this action to enforce an arbitration award against Defendant Detroit Advantage Academy, a Michigan charter school, on September 10, 2004. The District Court entered a judgment in favor of the Plaintiff on September 20, 2005. On October 17, 2005 Plaintiff filed a motion for an ex parte order for proceedings supplementary to enforcement. On the same day, the District Court issued an order prohibiting Defendant from transferring, selling, or encumbering any of its assets and ordering Defendant to satisfy the September 20, 2005 judgment.

Before the Court are Plaintiff's Motion to Compel Jaffe, Raitt, Heuer & Weiss, P.C. for Deposition, filed November 30, 2005 and Defendant's Motion to Quash Deposition Subpoena Issued to Jaffe, Raitt, Heuer & Weiss P.C, filed November 17, 2005. The parties have fully briefed the motions, and they were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) by the Honorable Paul Gadola in an order dated January 6, 2006. The parties presented oral arguments at a hearing held on February 16, 2006.

**Background**

On October 18, 2005, following entry of judgment in this case, Plaintiff served Defendant's law firm, Jaffe, Raitt, Heuer & Weiss, P.C. ("Jaffe") with a writ of garnishment. On November 1, 2005, Jaffe served a garnishee disclosure which revealed that Jaffe held cash belonging to Defendant in an IOLTA account, but Jaffe refused to disclose the amount held in that account. On November 2, 2005 Plaintiff served a subpoena compelling Jaffee to appear for a deposition *duces tecum*. Jaffe refused to appear, and Defendant filed its Motion to Quash on November 17, 2005. Plaintiff then filed its instant motion to compel on November 30, 2005.

**Analysis**

The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a lawsuit. The discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *accord North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (courts should apply discovery rules in accordance with "the important but often neglected Rule 1 of the Federal Rules of Civil Procedure[.]"). Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence."

In the post judgment context, Plaintiff may use the discovery procedure to help it identify the location, identity, and size of assets against which it may be able to collect a judgment. The exact amount in Jaffe's IOLTA account is clearly relevant information. Defendant does not dispute that Plaintiff's subpoena was properly served pursuant to Federal Rule of Civil Procedure 45. Rather, Defendant argues that Defendant is substantively immune from execution, that the information Plaintiff seeks is privileged and therefore protected from disclosure, that Plaintiff's subpoena was issued for the

improper purpose of harassment, and that subjecting Jaffe to deposition would impose an undue burden upon it.

None of Defendant's arguments is availing. Defendant's position that it is immune from normal execution procedure is without merit and was addressed in this Court's Order of May 5, 2006. Even if Defendant's argument were correct, Defendant has not demonstrated that Jaffe could reasonably conclude that the amount Defendant retained in its IOLTA account was irrelevant to the Plaintiff's right to payment from Jaffe as a judgment creditor. Indeed, Defendant maintains that it is compelled by Michigan law to devise a plan to wind up its affairs and pay its creditors to the extent possible. The amount in Defendant's IOLTA account is clearly relevant to that plan, and is relevant to whatever rights Defendant and Jaffe thought Plaintiff had to receive money through the windup plan.

Defendant has cited no authority for the proposition that the sums in Jaffe's IOLTA account are protected from disclosure through civil discovery. Defendant merely characterizes the requested discovery as "privileged business information." The Sixth Circuit defines the eight elements of the attorney-client privilege as follows: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such (3) the communication relating to that purpose (4) made in confidence (5) by the client (6) are at his direction permanently protected (7) from disclosure by himself or the legal adviser (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). The balance of Defendant's IOLTA account is not "a communication" and is not protected from disclosure by the Federal Rules of Civil Procedure.

Aside from Defendant's specious argument that it is totally immune from execution, Defendant provides no support for its assertion that Plaintiff issued its subpoena on Jaffe for an improper purpose. The subpoena appears to the Court to be a justifiable attempt to locate Defendant's assets prior to executing upon them. Similarly, the Court can find no evidence that Jaffe Raitt would subjected to an

undue burden when required to produce information about a financial account kept for one of its clients.

Plaintiff's Motion to Compel is **GRANTED** and Defendant's Motion to Quash is **DENIED**. Jaffe Raitt will select a designate to be deposed on the subject of the Defendant's IOLTA balance at a time and place mutually agreeable to the parties, on or before June 9, 2005.

Plaintiff also seeks an order under Federal Rule of Civil Procedure 45(e) finding Jaffe in contempt of Court and ordering it to pay Plaintiff the costs of bringing the instant motion. Rule 45(e) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued." Defendant has offered no reasonable excuse for Jaffe's failure to comply with the subpoena, and Jaffe has not personally appeared in this case. Plaintiff's motion for contempt is **GRANTED**. Jaffe will pay Plaintiff the expenses it reasonably and necessarily incurred in bringing the instant Motion to Compel. Plaintiff may submit a bill of costs to the Court detailing the expenses it claims were, reasonable, necessary, and incurred in connection with the Motion to Compel.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: May 23, 2006                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Date: May 23, 2006                     s/ Lisa C. Bartlett
                                       Courtroom Deputy