**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MOSAICA ADVANTAGE INC.,

      Plaintiff,             CIVIL ACTION NO. 04-CV-40374-FL

     vs.                      DISTRICT JUDGE PAUL V. GADOLA

DETROIT ADVANTAGE        MAGISTRATE JUDGE MONA K. MAJZOUB
ACADEMY, INC.

      Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS TO QUASH RECORDS SUBPOENAS
ISSUED TO T.J. ADAMS & ASSOCIATES, INC., WILKERSON AND ASSOCIATES,
INC., AND COMERICA BANK**

     Plaintiff Mosaica Advantage, Inc. brought this action to enforce an arbitration award against Defendant Detroit Advantage Academy, a Michigan charter school, on September 10, 2004. The District Court entered a judgment in favor of the Defendant on September 20, 2005. On October 17, 2005 Plaintiff filed a motion for an ex parte order for proceedings supplementary to enforcement. On the same day, the District Court issued an order prohibiting Defendant from transferring, selling, or encumbering any of its assets and ordering Defendant to satisfy the September 20, 2005 judgment.

     Before the Court are Defendant's Motions to Quash Records Subpoenas Issued to Comerica Bank, Wilkerson and Associates, Inc., and T.J. Adams and Associates, Inc. The motion to quash the subpoena to Comerica was filed on December 29, 2005, and the other two motions were filed on January 26, 2005. The parties have fully briefed the motions, and they were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) by the Honorable Paul Gadola in orders dated January 6, 2006 and January 27, 2006. The Court is waiving oral argument pursuant to Local Rule 7.1.

Plaintiff has obtained a judgment against Defendant in this case on September 30, 2005. Defendant does not dispute that the three records subpoenas concerning monies held by a normal judgment debtor would normally be permissible efforts to enforce the judgment. Rather, Defendant maintains that it is a judgment debtor, immune from normal execution procedures because it is a public school district under Michigan law, immune from the procedures generally used to collect a judgment against a school district because it is unlike most school districts.

Specifically, Defendant argues that it is a "school district" for purposes of the Michigan Judicature Act. The Michigan Judicature Act provides that judgments against school districts cannot be collected via the normal execution procedure. M.C.L. 600. 6021. The term "school district" is not defined in 600.6021. The Michigan revised school code provides a procedure for collecting a judgment against a school district: the judgement must be placed on the school district's tax assessment roll and collected from taxes levied or collected by the school district. M.C.L. 380.1642, 380.1643. Defendant has never had a tax assessment roll, has never had the power to levy taxes, and has never collected taxes. Defendant acknowledges that an attempt to collect money from Defendant under M.C.L. 380.1642 would be futile.

Defendant is an "public school academy" under Michigan law. M.C.L.A. 380.501 provides that:

> A public school academy is a public school under section 2 of article VIII of the state constitution of 1963, is a school district for the purposes of section 11 of article IX of the state constitution of 1963 and for the purposes of [M.C.L. § 380.1225 and M.C.L. § 380.1351a,] and is subject to the leadership and general supervision of the state board over all public education under section 3 of article VIII of the state constitution of 1963.

Neither party has produced authority on the question of whether Michigan school academies are school districts for purposes of the Michigan Judicature Act, or evidence of the legislature's intent on that question. Taken to its logical conclusion, Defendant's position is that, while Michigan public

school academies are formally subject to civil suit, they are completely immune from execution on any money judgment. Defendant has not provided any reasoned argument why the legislature might have intended this unusual result. Given the absence of other authority and the fact that the intent of the legislature here is obscured, the Court must turn to the canons of statutory construction, and make "a plain reading . . . keeping in mind the canon of construction '*expressio unius est, exclusio alterius*' (the expression of one means the exclusion of all others)." *See U.S. v. Wilson*, 168 F.3d 916, 928 (6th Cir. 1999).

M.C.L. § 380.521 defines Michigan public school academies as "school districts" for purposes of various sections of the Revised School Code, Michigan Compiled Laws Chapter 380, and for purposes of certain state and federal laws pertaining either pertaining directly to education or to anti-discrimination principles. A plain reading of M.C.L. § 380.521 requires that this Court conclude that a public school academy is *not* a school district for purposes of the Michigan Revised Judicature Act.

Plaintiff may attempt to enforce its judgment against Defendant as a normal judgment debtor. Plaintiff's records subpoenas appear to seek relevant, non-privileged information, and Defendant's Motions to quash those subpoenas are **DENIED**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 23, 2006            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 23, 2006    s/ Lisa C. Bartlett
                       Courtroom Deputy